IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| GREGORY B. MYERS, | ) |
| Appellant, | ) ) ) |
| v. | ) Case No.: 25-2042-TDC |
| ROGER SCHLOSSBERG, TRUSTEE, *et al*., | ) ) ) ) |
| Appellees. | ) ) |

## **MOTION TO DISMISS APPEAL**

Appellees, Roger Schlossberg, Chapter 7 Trustee of the Bankruptcy Estate of Gregory B. Myers (the "Trustee"), Brian King, Cristina King, and the Cristina and Brian King Children's Trust (the "King Parties"), by their respective undersigned counsel, hereby move to dismiss the instant appeal filed by Appellant, Gregory B. Myers, the debtor below (hereafter "Appellant" or "Debtor"), on grounds that the Court lacks jurisdiction over the instant appeal because this appeal is the Debtor's second attempt to obtain appellate review by this Court of the bankruptcy court orders at issue and also because the Debtor's *Notice of Appeal* was not timely filed. In support of this motion, Appellees respectfully state:

1. The instant appeal concerns the following two orders issued by the bankruptcy court on December 11, 2023 – (i) *Order Denying Debtor's Motion to*

*Strike Trustee's Motion for Approval of Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust*, [Dkt. #1028 in Case No. 15-26033 below]; and (ii) *Order Granting Trustee's Motion for Approval of Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust*, [Dkt. #1029 in Case No. 15-26033 below]. *See* Debtor's *Notice of Appeal*, [Dkt. #1063 in Case No. 15-26033], filed on June 25, 2025.

2. The instant appeal represents the *second time* that the Debtor has appealed the foregoing orders. *See Notice of Appeal*, [Dkt. #1033 in Case No. 15-26033], filed on December 27, 2023 (appealing same two orders). The prior appeal by the Debtor was captioned *Gregory B. Myers v. Brian King, et al.* and docketed in this court as Appeal No. 23-CV-03511-DLB. The Debtor voluntarily dismissed that appeal on October 30, 2024, [Dkt. #7 in Case No. 23-CV-03511], following the issuance of an *Order to Show Cause* directing him to show cause why the appeal should not be dismissed for his failure to comply with Fed. R. App. P. 8009 and 8018(a)(1). [Dkt. #6 in Case No. 23-CV-03511].

3. Accordingly, this Court lacks jurisdiction over the instant appeal as the Debtor is not entitled to a "second bite at the apple." *See, e.g.*, *In re Owlfeather-Gorbey,* 2023 WL 5032785, at *1 (4th Cir. Aug. 8, 2023) (appellant not entitled to second appeal of same order imposing a pre-filing injunction); *Schuler v.*

*Clarke,* 796 F. App'x 184, 185 n. 2 (4th Cir. 2020) (appellant not entitled to second appeal from same order); *Hamilton v. U.S. Bank Nat'l Ass'n (In re Hamilton)*, 2024 WL 5285010 at *2 (D.S.C. Dec. 4, 2024) ("[T]his Court should not be required to consider another appeal of these same Bankruptcy Court orders. An appellant is not entitled to two appeals."); *Ortiz v. Kane,* 2021 WL 3493716, at * 3 (M.D. Fla. Aug. 9, 2021) (noting that appellant's bankruptcy appeal was duplicative of another appeal in that court and that an appellant "is not entitled to two appeals").

4.  Further, this appeal is patently untimely as the Debtor noticed the appeal 562 days after the entry of the subject orders on December 11, 2023 – or roughly a year and half too late. *See* Fed. R. Bankr. P. 8002(a)(1) (establishing 14-day period within which to notice appeal from entry of bankruptcy court judgment, order, or decree);[1] *see also In re Myers*, 2024 WL 2764717 (4th Cir. May 30, 2024) (per curiam) (citing *In re Caterbone*, 640 F.3d 108 (3d Cir. 2011) (district court lacked subject matter jurisdiction to consider bankruptcy appeal where debtor filed notice of appeal beyond time period for filing such notice)); *In re Berman-Smith*,

---

[1] Although he is appearing *pro se* in this appeal, the Debtor is an experienced litigant who is undoubtedly familiar with the rules of this Court and appellate practice in general. *See Myers v. McNamee, Hosea, Jernigan, Kim & Greenan, P.A.*, 2020 WL 758151, *3 (D. Md. Feb. 14, 2020) (where this Court observed that this Debtor "has filed no fewer than *fifteen appeals* [now 25 appeals] and several other collateral actions related to [a] singular bankruptcy, the lion's share of which have been dismissed or denied on procedural grounds. Indeed, when viewed collectively, Myers' overall objective appears largely to defer rather than reach meaningful resolution on the merits.").

3

737 F.3d 997, 1003 (5th Cir. 2013) ("when an appeal to the district court is untimely under Rule 8002(a), the district court lacks jurisdiction over the appeal").

WHEREFORE, Appellees respectfully request that the instant appeal be DISMISSED.

Respectfully submitted,

SCHLOSSBERG | MASTRO

    */s/ Frank J. Mastro*
Frank J. Mastro #24679
P.O. Box 2067
Hagerstown, MD 21742
(301) 739-8610
fmastro@schlosslaw.com
*Attorneys for Appellee,*
*Roger Schlossberg, Trustee*

THE VERSTANDIG LAW FIRM, LLC

    */s/ Maurice B. VerStandig*
Maurice B. VerStandig #18071
9812 Falls Road, #114-160
Potomac, MD 20854
(301) 444-4600
mac@mvbesq.com
*Attorneys for Appellees,*
*Brian King, Cristina King, and the*
*Cristina and Brian King Children's Trust*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the **10th** day of **February 2026**, I served a copy of the foregoing *Motion to Dismiss Appeal* upon all parties as follows: (a) via electronic mail to:

>Maurice B. VerStandig, Esq.
>9812 Falls Road, #114-160
>Potomac, MD 20854
>mac@mvbesq.com
>*Attorney for Appellees,*
>*Brian King, Cristina King and the*
>*Cristina and Brian King Children's Trust*

and (b) via first-class mail, postage prepaid, to:

>Gregory B. Myers
>700 Gulf Shore Blvd. North
>Naples, FL 34102
>*Appellant / Debtor*

_/s/ Frank J. Mastro_
Frank J. Mastro
