Civil Action Nos. 25-2042-TDC, 25-2103-TDC, 25-2337-TDC, 25-2635-TDC, and 25-2338-TDC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JUL 1 3 2026

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
NIGHT DEPOSIT BOX

| | |
|---|---|
| GREGORY B. MYERS,<br><br>Appellant,<br><br>v.<br><br>ROGER SCHLOSSBERG, BRIAN KING, CRISTINA KING and CRISTINA AND BRIAN KING CHILDREN'S TRUST,<br><br>Appellees. | Civil Action No. 25-2042-TDC |
| GREGORY B. MYERS,<br><br>Appellant,<br><br>v.<br><br>ROGER SCHLOSSBERG, BRIAN KING, CRISTINA KING and CRISTINA AND BRIAN KING CHILDREN'S TRUST,<br><br>Appellees. | Civil Action Nos. 25-2103-TDC<br>25-2337-TDC<br>25-2635-TDC |
| GREGORY B. MYERS,<br><br>Appellant,<br><br>v.<br><br>ROGER SCHLOSSBERG, BRIAN KING, CRISTINA KING and CRISTINA AND BRIAN KING CHILDREN'S TRUST,<br><br>Appellees. | Civil Action No. 25-2338-TDC |

**TABLE OF CONTENTS**

I.    RELIEF REQUESTED ................................................................................... 3

II.   BACKGROUND ........................................................................................... 4

III.  LEGAL STANDARD ................................................................................... 6

IV.   A STAY IS WARRANTED .......................................................................... 7

    A.   The June 3 Opinion should not have operative effect while this Court
        is still reviewing related orders in the same adversary proceeding ................... 7

    B.   The June 3 Opinion rests on serious threshold questions concerning
        Rule 9019, Rule 7001, § 541, finality, and due process ................................. 10

    C.   The state-court predicate was nonfinal, stayed, and incapable of
        supplying a final estate-property adjudication ................................................ 11

    D.   The Florida Chapter 13 stay creates an additional serious defect .................... 15

    E.   The challenged conclusions should have no operative or preclusive
        effect pending appellate review ...................................................................... 17

    F.   Irreparable harm, lack of prejudice, and the public interest support
        a stay ............................................................................................................. 18

V.    NO BOND SHOULD BE REQUIRED ........................................................ 19

VI.   REQUEST FOR EXPEDITED RELIEF ...................................................... 20

VII.  CONCLUSION ........................................................................................... 20

## APPELLANT'S MOTION FOR STAY PENDING APPEAL
## OF THE EFFECT AND ENFORCEABILITY OF THE JUNE 3, 2026
## MEMORANDUM OPINION AND ORDER

Appellant Gregory B. Myers respectfully moves under Federal Rule of Bankruptcy Procedure 8025(b), Federal Rule of Appellate Procedure 8(a), and this Court's inherent authority for a stay pending appeal of the effect and enforceability of this Court's June 3, 2026 Memorandum Opinion and Order, ECF Nos. 41 and 42, and the June 29, 2026 Order denying rehearing, ECF No. 45.

This is a preservation motion. Myers has appealed the June 3 Memorandum Opinion and Order to the United States Court of Appeals for the Fourth Circuit. The appeal presents threshold legal issues concerning whether the Bankruptcy Court had authority to approve the July 3, 2025 Settlement Order absent a final estate-property adjudication, a Trustee-filed Rule 7001 adversary proceeding, service of process, due process, standing, necessary parties, relief from stay, and a valid state-court predicate.

Myers requests a full stay pending Fourth Circuit review. Alternatively, and at minimum, Myers requests a limited stay or abeyance until this Court resolves Civil Action No. 26-2175-TDC, the pending appeal concerning the Bankruptcy Court's April 15, 2026 orders entered in the same adversary proceeding.

Myers files this motion first in this Court to comply with Federal Rule of Appellate Procedure 8(a) and Bankruptcy Rule 8025(b). If this Court denies or does not promptly rule on this motion, Myers reserves all rights to seek emergency stay relief from the Fourth Circuit.

1

The narrowest basis for relief is procedural. This Court has already accepted Myers's designation and statement of issues in Civil Action No. 26-2175-TDC, which concerns later orders entered in the same adversary proceeding and raises overlapping Griggs, Rule 8008, Rule 9024 / Rule 60(b)(4), party-status, indispensable-party, settlement-structure, and post-appeal jurisdiction issues. The June 3 Opinion should not be given operative or preclusive effect while this Court is still reviewing related orders from the same adversary proceeding. At minimum, the Court should stay or hold in abeyance the operative effect of the June 3 Opinion until Civil Action No. 26-2175-TDC is resolved.

This motion does not ask the Court to retry the Montgomery County action, decide any unadjudicated state-court issue, or supplement the merits record. It seeks only to preserve the legal status quo while the Fourth Circuit reviews the challenged conclusions and, at minimum, while this Court resolves the pending related appeal in Civil Action No. 26-2175-TDC.

Pending appellate review, the challenged conclusions in the June 3 Opinion should not have operative, preclusive, enforcement, governance, title, control, evidentiary, or estoppel effect concerning Serv Trust, Serv Trust's interest in 6789 Goldsboro LLC, 6789 Goldsboro LLC, Myers, the current Serv Trust trustee, Serv Trust beneficiaries, or other absent nonparties.

Nothing in this motion concedes that the June 3 Opinion or Order created, transferred, adjudicated, authorized, validated, perfected, or altered any property right,

estate interest, trust right, LLC right, state-court right, or nonparty right. Myers seeks a stay precisely because those issues are disputed and are now before the Fourth Circuit.

The attached exhibits are offered for the limited purpose of showing serious appellate questions, procedural posture, nonfinality, due-process risk, automatic-stay risk, inconsistent prior positions, appellate overlap, and the need to preserve the status quo. They are not offered as a request that this Court retry the underlying state-court dispute. Certain exhibits are also attached to ensure that the Fourth Circuit has a complete stay record concerning the procedural posture, nonfinality, inconsistent prior positions, automatic-stay issues, abstention/remand posture, overlapping appeal issues, and preservation issues raised by this motion.

## I. RELIEF REQUESTED

Myers respectfully requests entry of an order staying, pending appeal, the effect and enforceability of the June 3, 2026 Memorandum Opinion and Order and the June 29, 2026 rehearing order, including any operative, preclusive, enforcement, governance, title, control, evidentiary, or estoppel effect of the challenged conclusions that: (i) the January 12, 2023 state-court "Order Entering Partial Judgment and Stay" was a "valid, final order"; and (ii) "Serv Trust's property was part of the [Myers] bankruptcy estate."

At minimum, Myers requests that the Court stay, or alternatively hold in abeyance, the operative and preclusive effect of the June 3 Opinion until this Court resolves Civil Action No. 26-2175-TDC, the pending appeal concerning the Bankruptcy Court's April 15, 2026 orders entered in the same adversary proceeding.

3

The stay should further provide that, pending appeal, the June 3 Opinion and Order shall not operate as a substitute for a final, unstayed, executable state-court judgment, a Rule 7001 adversary proceeding, a § 541 estate-property adjudication, service of process, due process, standing, relief from stay, or adjudication binding Serv Trust, the current Serv Trust trustee, Serv Trust beneficiaries, 6789 Goldsboro LLC, Myers, or other absent nonparties.

The requested stay is directed only to the legal effect of the June 3 Opinion and Order while appellate review is pending. Myers does not concede that the June 3 Opinion or Order supplied or confirmed the missing finality, jurisdiction, Rule 7001, § 541, standing, stay-relief, or due-process predicate. To the contrary, those are disputed issues on appeal.

## II. BACKGROUND

This case arises from the Bankruptcy Court's July 3, 2025 order approving a proposed compromise and settlement between Chapter 7 Trustee Roger Schlossberg and the King Parties under Bankruptcy Rule 9019.

The proposed settlement concerned Serv Trust's interest in 6789 Goldsboro LLC. Serv Trust is a non-debtor Maryland spendthrift trust, and 6789 Goldsboro LLC is a non-debtor Maryland limited liability company. Yet the Trustee did not file an adversary proceeding against Serv Trust, 6789 Goldsboro LLC, the current Serv Trust trustee, or the Serv Trust beneficiaries; did not name or serve those necessary parties; and did not

obtain a final § 541 adjudication determining that Serv Trust's interest in 6789 Goldsboro LLC was property of Myers's bankruptcy estate.

The Bankruptcy Court nevertheless approved the settlement. The Settlement Order referred to payment for redemption of "Serv Trust's interest," but the operative transfer language conveyed only whatever right, title, and interest the Trustee, Debtor, and bankruptcy estate had. Thus, the Settlement Order itself depended on an unresolved predicate: whether the estate owned any Serv Trust / Goldsboro interest at all.

On June 3, 2026, this Court affirmed. The June 3 Opinion characterized the January 12, 2023 state-court order as a "valid, final order," and stated that "Serv Trust's property was part of the [Myers] bankruptcy estate." The Court alternatively concluded that the Settlement Order was valid even if the state-court order were invalid or inapplicable because the Settlement Order transferred only whatever rights the Trustee, Debtor, and estate had.

Myers moved for rehearing. The Court denied rehearing on June 29, 2026. Myers has appealed to the Fourth Circuit.

Separately, Myers filed a notice of appeal on June 1, 2026 from the Bankruptcy Court's May 26, 2026 order denying Myers's protective motion concerning the Bankruptcy Court's April 15, 2026 orders entered in the same King adversary proceeding. That appeal is docketed in this Court as Civil Action No. 26-2175-TDC. On July 2, 2026, this Court accepted Myers's designation and statement of issues in Civil Action No. 26-2175-TDC and set a briefing schedule. Civil Action No. 26-2175-TDC is

5

not hypothetical or premature: this Court has accepted Myers's designation and statement of issues and set a merits briefing deadline.

Nothing in this motion should be construed as a concession that the Bankruptcy Court's Settlement Order, this Court's June 3 Opinion, or any state-court order adjudicated Serv Trust's Goldsboro interest as property of Myers's bankruptcy estate; lifted any state-court stay; resolved the Redemption Claim; transferred Serv Trust property; bound Serv Trust, the current Serv Trust trustee, beneficiaries, or 6789 Goldsboro LLC; or authorized any act affecting any nonparty property or rights.

Nothing in this motion waives Myers's separate challenges to post-appeal Bankruptcy Court orders, pending Rule 60(b) relief, the pending appeal in Civil Action No. 26-2175-TDC, or any argument that later Bankruptcy Court action exceeded jurisdiction while appeals were pending.

## III. LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 8025(b) authorizes the district court to stay its judgment pending appeal to the court of appeals. Federal Rule of Appellate Procedure 8(a) ordinarily requires a party seeking a stay pending appeal to move first in the district court.

The traditional stay factors are: (1) likelihood of success on the merits or, at minimum, serious legal questions; (2) irreparable injury absent a stay; (3) lack of substantial injury to other parties; and (4) the public interest. In re Skinner, 202 B.R. 867,

868–69 (W.D. Va. 1996); Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970); In re Howe, 2016 U.S. Dist. LEXIS 126128 (D. Md. Sept. 15, 2016).

The stay factors should be applied in light of the importance of preserving the right of appeal and maintaining the status quo during appellate review. Where the stay preserves the status quo and the balance of harms favors the movant, substantial and serious legal questions are sufficient to support a stay pending appeal.

This motion seeks preservation only. It does not seek reconsideration of the merits, affirmative relief, or alteration of the appealed orders. It asks only that contested conclusions in the June 3 Opinion not have operative effect before the Fourth Circuit reviews them and, at minimum, before this Court resolves Civil Action No. 26-2175-TDC.

This motion satisfies the stay factors. The appeal raises threshold legal issues reviewed de novo. The requested stay is narrow. It preserves the status quo and prevents contested legal conclusions from operating as final or preclusive predicates before appellate review is complete.

## IV. A STAY IS WARRANTED

### A. The June 3 Opinion should not have operative effect while this Court is still reviewing related orders in the same adversary proceeding.

A stay is independently warranted because the June 3 Opinion should not have operative or preclusive effect while Civil Action No. 26-2175-TDC remains pending before this Court. That appeal concerns the Bankruptcy Court's May 26, 2026 order denying Myers's protective motion regarding the Bankruptcy Court's April 15, 2026

7

orders entered in the same King adversary proceeding. Myers filed the notice of appeal on June 1, 2026. Two days later, this Court entered the June 3 Opinion in the earlier appeals.

The second appeal cannot be separated from the first appeals. In response to this Court's June 18, 2026 Order to Show Cause, Myers explained that the second appeal arises from "six post-appeal orders entered in the same adversary proceeding while related appeals were already pending before this Court," and that the appeal presents threshold legal issues concerning Rule 8002(d), Rule 8008, and whether the Bankruptcy Court retained jurisdiction to enter orders in Adv. Proc. No. 24-00007 while related appeals were pending. Ex. 1. This Court accepted Myers's late-filed designation and statement of issues and set a briefing deadline in Civil Action No. 26-2175-TDC. Ex. 1.

The accepted statement of issues confirms the overlap. The issues include whether the Bankruptcy Court erred, under the "functional test," by concluding that it had jurisdiction to enter the April 15, 2026 orders while related adversary and settlement/jurisdictional issues were already pending on appeal before this Court; whether the April 15 orders were void, ineffective, or without preclusive effect under Griggs; whether Rule 9024 and Rule 60(b)(4) relief should have been granted; and whether Rule 8008 indicative relief should have been granted. Ex. 1. Those issues go to the same adversary proceeding, same settlement structure, same asserted implementation of the settlement, same party-status issues, same indispensable-party issues, same

8

summary-judgment issue, and same post-appeal jurisdictional sequence addressed in the June 3 Opinion.

Fourth Circuit law cautions against fragmented finality analysis in adversary proceedings. In Kiviti v. Bhatt, 80 F.4th 520 (4th Cir. 2023), the Fourth Circuit held that a district court lacked jurisdiction over an appeal from a nonfinal bankruptcy order where the bankruptcy court had dismissed one count in an adversary proceeding while another count remained unresolved. The Fourth Circuit emphasized that parties may not manufacture finality in an adversary proceeding by dismissing remaining issues without prejudice. Id. at 529–31.

Myers does not concede that the June 3 Opinion is non-appealable; he filed a protective appeal and seeks a stay so that appealability, finality, and related-review issues may be addressed without waiver or prejudice. Even if the June 3 Opinion is appealable as to the specific district-court appeals it resolved, its operative and preclusive effect should be stayed while this Court is still reviewing related orders entered in the same adversary proceeding.

The orderly and least disruptive course is to preserve the status quo, or hold the operative effect of the June 3 Opinion in abeyance, until this Court resolves Civil Action No. 26-2175-TDC. Otherwise, the Fourth Circuit may be asked to review the June 3 Opinion while this Court is simultaneously reviewing whether the Bankruptcy Court lacked jurisdiction to enter later orders in the same adversary proceeding and whether those orders are void or without preclusive effect. That risks piecemeal appellate review,

9

inconsistent appellate treatment, and use of the June 3 Opinion to foreclose issues that remain pending before this Court.

This stay request does not require the Court to reconsider the merits of the June 3 Opinion. It asks only that the June 3 Opinion not have operative or preclusive effect while the related April 15 orders appeal remains pending. A short preservation stay avoids procedural prejudice to Myers, avoids unnecessary fragmentation of appellate review, and allows any further appellate review to proceed on a complete and coherent record.

### B. The June 3 Opinion rests on serious threshold questions concerning Rule 9019, Rule 7001, § 541, finality, and due process.

The June 3 Opinion rests on serious threshold legal questions that are not ordinary Rule 9019 business-judgment issues. At minimum, those questions include whether Rule 9019 can substitute for a Rule 7001 adversary proceeding and § 541 adjudication; whether a partial, stayed state-court order in an open case supplied any final, executable estate-property predicate; whether absent nonparties may be bound without complaint, service, and due process; whether the King Parties had standing to file the adversary proceeding; whether the Trustee could use the King-filed adversary as the vehicle for Rule 9019 approval; whether the December 11, 2023 settlement-procedure orders merged into the July 3, 2025 Settlement Order; whether the January 12, 2023 state-court order violated or implicated the automatic stay in Myers's then-pending Florida Chapter 13 case; and whether the King-filed bankruptcy adversary functioned as an end-run around a prior abstention/remand posture and statutorily unavailable removal.

10

Rule 9019 allows approval of a compromise. It does not create estate property. It does not recover non-estate property. It does not adjudicate title. It does not bind absent non-debtor property owners. It does not decide whether a non-debtor trust's property belongs to a debtor's bankruptcy estate.

The Trustee never filed a Rule 7001 adversary proceeding seeking an estate-property determination against Serv Trust, the current Serv Trust trustee, the Serv Trust beneficiaries, 6789 Goldsboro LLC, or any other necessary parties. If the Trustee contended that Serv Trust's Goldsboro interest was property of Myers's estate, he had to obtain a § 541 determination in a proceeding binding those parties. He did not.

**C. The state-court predicate was nonfinal, stayed, and incapable of supplying a final estate-property adjudication.**

Nor did the January 12, 2023 state-court order supply the missing predicate. Maryland law requires a final judgment to adjudicate or complete the adjudication of all claims against all parties and to "leave nothing more to be done in order to effectuate the court's disposition of the matter." McLaughlin v. Ward, 240 Md. App. 76, 83 (2019) (quoting Rohrbeck v. Rohrbeck, 318 Md. 28, 41 (1989)). A final judgment ordinarily must be intended as an unqualified final disposition, adjudicate all claims against all parties absent proper Rule 2-602(b) certification, and be set forth and recorded under Rule 2-601. Id.; see also Md. Rule 2-602(a).

Here, the relevant state-court matters were consolidated for all purposes. Judge Lease stated at the January 3, 2023 hearing that anything entered that day would necessarily be nonfinal because the court was not adjudicating all claims against all

11

parties and that there would be no final judgment "under any circumstance." Ex. 2. The resulting order was titled "Order Entering Partial Judgment and Stay." Ex. 4. After the alter-ego ruling, Judge Lease stayed the remaining litigation going forward. Ex. 2.

Appellees' own prior appellate positions confirm the serious finality issue. In the first appeal to the Appellate Court of Maryland from the January 12, 2023 ruling, the King Parties represented that the January 12 order was, by its own express terms, nonfinal, that it was titled "Order Entering Partial Judgment and Stay," and that it did not adjudicate or complete the adjudication of any claim. Goldsboro joined that position, and the Trustee also adopted it. Ex. 5. Those representations are directly inconsistent with any present effort to treat the same order as a final, executable state-court judgment or final bankruptcy estate-property predicate.

The January 12, 2023 order's reference to Maryland Rule 2-519 did not cure the finality problem. Rule 2-519 is not a finality rule. Serv Trust had already demanded a jury trial "on all claims advanced in the above-captioned action" under Maryland Rule 2-325. Ex. 8. Serv Trust's operative counterclaims included legal damages claims concerning Serv Trust's Class B membership interest in 6789 Goldsboro LLC. Ex. 9. No jury was empaneled on January 3, 2023. The Rule 2-519 reference did not adjudicate unresolved claims and did not convert the January 12 order into a final all-claims/all-parties judgment.

The June 3 Opinion also relies heavily on the January 30, 2019 abstention order but omits the later December 5, 2019 remand order. In November 2019, VerStandig

removed the consolidated Montgomery County litigation after Myers filed a counterclaim and third-party complaint alleging automatic-stay violations. Ex. 6. After Myers voluntarily dismissed that claim, the Bankruptcy Court remanded the removed matter to Montgomery County pursuant to 28 U.S.C. § 1452(b), citing both the dismissal of the § 362 claim and the prior abstention from the underlying Circuit Court action. Ex. 6.

The later King-filed adversary and Settlement Procedures Order did not directly appeal the December 5, 2019 remand order, but they functionally bypassed it by reintroducing the same pending, nonfinal state-court controversy into bankruptcy court after removal was statutorily unavailable under Rule 9027. A bankruptcy procedure cannot do indirectly what the remand order, § 1452(b), and Rule 9027 foreclosed directly. See Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127–29 (1995).

The Settlement Procedures Order exposes the contradiction. The Trustee acknowledged that he could not remove the Montgomery County state-court action because removal was statutorily unavailable under Bankruptcy Rule 9027. Ex. 7. The Bankruptcy Court nevertheless authorized a procedure allowing the King Parties to file a new bankruptcy adversary and allowing the Trustee to seek Rule 9019 approval based on the same state-court controversy. Ex. 7. The Bankruptcy Court also acknowledged that the King Parties and/or Trustee would need to obtain dismissal of Count II of the King declaratory-judgment action. Ex. 7. A case in which a count still must be dismissed is not over.

The King Parties' own requested Count II relief confirms the substitution problem. In the February 2019 Amended Complaint, the King Parties asked the Montgomery County Circuit Court to declare that Serv Trust was Myers's alter ego; that the assets and liabilities of Serv Trust were assets and liabilities of Myers's bankruptcy estate administered by the Trustee; that Serv Trust's counterclaim was an asset of Myers's bankruptcy estate; and that Serv Trust's liabilities on Goldsboro's promissory-note collection case were liabilities of Myers's bankruptcy estate. Ex. 10. That requested relief was not merely a claim "against Serv Trust." It was, in substance, a claim against Myers and against alleged property of Myers or his bankruptcy estate. Under 11 U.S.C. § 102(2), a "claim against the debtor" includes a claim against property of the debtor.

Count II also sought relief that a Maryland state court could not supply as a binding bankruptcy-estate adjudication. The determination whether a debtor's alleged legal or equitable interests constitute property of a bankruptcy estate is a bankruptcy issue under § 541, and the district court sitting in bankruptcy has exclusive jurisdiction over property of the estate under 28 U.S.C. § 1334(e). A state court could decide state-law issues properly before it, but it could not enter a final bankruptcy-estate-property adjudication binding the bankruptcy estate, Serv Trust, the current trustee, beneficiaries, 6789 Goldsboro LLC, and the Trustee in lieu of the Rule 7001 adversary proceeding the Trustee was required to file.

The trust evidence confirms why a proper § 541 adjudication was required. Serv Trust was created by Joan Conlen Myers, not Myers. Myers was named as trustee, not

14

settlor or beneficiary. The beneficiaries were Myers's descendants, and the agreement contains express spendthrift provisions governed by Maryland law. Ex. 11. Myers had no beneficial interest in Serv Trust. His former fiduciary status as trustee did not make Serv Trust property property of Myers's bankruptcy estate.

Judge Lipp's final 2018 bankruptcy findings confirm the same baseline. Judge Lipp recognized that Serv Trust was created by Myers's mother for the benefit of Myers's five children; that Serv Trust was funded with an initial deposit from Myers's mother; that Myers and Daniel Ring were co-trustees; that Serv Trust held a 50% interest in 6789 Goldsboro LLC; and that Serv Trust was established to pay educational and other expenses related to Myers's children. Judge Lipp also held that Myers's guarantee of Serv Trust's obligations to Goldsboro was not an asset of Myers's bankruptcy estate, but an unsecured liability. Ex. 13.

The January 3, 2023 transcript confirms that the Serv Trust Agreement was not in evidence. When Judge Lease asked whether Serv Trust was revocable, King's counsel represented that it was. Ex. 2. Serv Trust was not revocable; it was an irrevocable Maryland spendthrift trust. Ex. 11. Thus, the state-court ruling now asserted as the estate-property predicate was entered without the trust instrument in evidence and on a materially incorrect representation concerning the trust's basic legal character.

**D. The Florida Chapter 13 automatic stay creates an additional serious defect.**

The Florida Bankruptcy Court expressly limited stay relief in the Montgomery County action. It allowed King et al. v. Serv Trust, et al., Case No. 436977-V, to proceed

15

only subject to the stay-relief order, lifted the stay as to non-debtor parties, and held that the automatic stay remained in effect as to claims against Myers individually. The Florida Bankruptcy Court later clarified that even if Myers were treated as trustee of Serv Trust, any representative-capacity relief could not be used "for any purposes which could impose individual liability upon the Debtor." Ex. 14.

The King Parties themselves confirmed the limited scope of the Florida stay relief. In response to Myers's Rule 59(e) motion, the King Parties stated that stay relief was granted only "to pursue claims against the Serv Trust," that the automatic stay remained in effect as to claims against Myers individually, and that the King Parties "cannot pursue claims against the Debtor individually" and "are not seeking such relief." Ex. 15.

Those representations cannot be narrowed to a promise not to seek an immediate money judgment. The Bankruptcy Code provides that a "claim against the debtor" includes a "claim against property of the debtor." 11 U.S.C. § 102(2). The Supreme Court has explained that Congress intended "debt" and "claim" to be coextensive. Pennsylvania Dep't of Pub. Welfare v. Davenport, 495 U.S. 552, 558 (1990).

The Bankruptcy Code definitions reinforce the point. A "lien" means a "charge against or interest in property to secure payment of a debt or performance of an obligation," and a "judicial lien" includes a lien obtained by "judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. §§ 101(36), (37). Pettengill confirms that the Bankruptcy Code's definition of "lien" controls and is not displaced by state-law labels. Ex. 16.

16

Thus, if the January 12, 2023 alter-ego order imposed, fixed, recognized, or created any charge against, interest in, control over, or property consequence concerning any alleged Myers interest in Serv Trust or Serv Trust assets, it implicated property protected by Myers's then-pending Florida Chapter 13 case. If the January 12 order did not adjudicate or affect any alleged property interest of Myers, it could not make Serv Trust assets property of Myers's Maryland Chapter 7 estate. Either way, it could not supply the estate-property predicate on which the June 3 Opinion depends. The January 12 order is therefore void, or at minimum incapable of supplying an enforceable estate-property predicate, to the extent Appellees treat it as affecting Myers or his alleged property interests.

### E. The challenged conclusions should have no operative or preclusive effect pending appellate review.

The stay is warranted because the challenged conclusions concern the same threshold predicates now before the Fourth Circuit. The June 3 Opinion characterizes the January 12, 2023 state-court order as "valid" and "final" and states that Serv Trust assets became property of Myers's bankruptcy estate. Myers contests those conclusions on appeal.

The requested stay is directed to the legal effect of the Opinion. Pending appellate review, the challenged conclusions should not have operative or preclusive effect  concerning Serv Trust's ~~alleged~~ Goldsboro interest, 6789 Goldsboro LLC, Myers, or absent nonparty rights. This stay would not alter the merits ruling. It preserves the status

quo while the Fourth Circuit decides whether the Bankruptcy Court had authority to approve the settlement structure and whether the District Court properly affirmed.

### F. Irreparable harm, lack of prejudice, and the public interest support a stay.

The harm is not merely monetary. The June 3 Opinion concerns alleged rights in Serv Trust's Goldsboro interest, 6789 Goldsboro LLC, and property rights of non-debtor entities and absent nonparties. The estate-property issue is the appeal. The state-order finality issue is the appeal. The Rule 7001 / § 541 issue is the appeal. The automatic-stay issue is the appeal. The remand/abstention-workaround issue is the appeal. The standing issue is the appeal. The due-process issue is the appeal. If the challenged conclusions are permitted to have operative effect before review, meaningful appellate relief may be impaired.

The risk of irreparable harm is heightened because Civil Action No. 26-2175-TDC remains pending before this Court. This Court has accepted Myers's designation and statement of issues in that appeal, and those accepted issues overlap with the same adversary proceeding and settlement structure addressed by the June 3 Opinion. Allowing the June 3 Opinion to have operative effect now risks piecemeal appellate review, inconsistent appellate treatment, and the practical use of the June 3 Opinion to foreclose issues that this Court has not yet decided in the second appeal.

A stay will not substantially harm Appellees. The requested stay does not require payment from Appellees. It does not undo the district court's decision. It does not require the Court to reconsider the merits. It simply preserves the status quo until the Fourth

18

Circuit determines whether the Bankruptcy Court had authority to approve the Settlement Order and, at minimum, until this Court resolves the related second appeal.

No Appellee is prejudiced by a limited stay or abeyance because Civil Action No. 26-2175-TDC is already pending before this Court, briefing has been ordered, and the stay would simply prevent the June 3 Opinion from being used as an operative or preclusive shortcut before the related appeal is decided.

The public interest favors preserving appellate jurisdiction, respecting due process, enforcing the automatic stay, respecting bankruptcy remand orders, avoiding fragmented appellate review, and preventing disputed property rights from being affected before appellate review. Bankruptcy settlements are important, but settlement approval cannot substitute for statutory authority, proper parties, service of process, relief from stay, and final adjudication of property rights.

## V. NO BOND SHOULD BE REQUIRED

No bond should be required because the requested stay is not a stay of a money judgment. The stay is non-monetary and preserves the status quo. A bond is unnecessary where the stay does not expose Appellees to collection risk or monetary loss, and where the only requested relief is that contested legal conclusions not have operative effect pending appeal.

If the Court believes security is required, Myers requests that any bond be nominal because the requested stay preserves existing legal and property positions and does not impose monetary loss on Appellees.

19

## VI. REQUEST FOR EXPEDITED RELIEF

Myers requests expedited consideration because the 14-day automatic stay under Bankruptcy Rule 8025(a), to the extent applicable following the June 29, 2026 rehearing denial, is limited in duration. Myers seeks an express stay under Rule 8025(b) to avoid any dispute concerning the effect of the June 3 Opinion and June 29 rehearing order while the Fourth Circuit appeal is pending.

To the extent any case-management order or pre-motion conference requirement is deemed applicable to this time-sensitive Rule 8025(b) motion, Myers respectfully requests that the Court excuse or waive that requirement, deem this motion to satisfy it, or treat this filing as a request for leave to file and adjudicate the motion promptly because the requested relief is preservation relief pending appeal.

## VII. CONCLUSION

For the foregoing reasons, Myers respectfully requests that the Court enter an order staying, pending appeal to the United States Court of Appeals for the Fourth Circuit, the effect and enforceability of the June 3, 2026 Memorandum Opinion and Order, ECF Nos. 41 and 42, and the June 29, 2026 Order denying rehearing, ECF No. 45.

At minimum, Myers requests that the Court stay, or alternatively hold in abeyance, the operative and preclusive effect of the June 3 Opinion until this Court resolves Civil Action No. 26-2175-TDC, the pending appeal concerning the Bankruptcy Court's April 15, 2026 orders entered in the same adversary proceeding.

Myers further requests that the stay include any operative, preclusive, enforcement, governance, title, control, evidentiary, or estoppel effect of the Court's characterization of the January 12, 2023 state-court "Order Entering Partial Judgment and Stay" as a "valid, final order," and any operative effect of the Court's statement that "Serv Trust property was part of the [Myers] bankruptcy estate."

Myers also requests that the Court stay any operative effect of the June 3 Opinion or Order as a substitute for a final, unstayed, executable state-court judgment, a Rule 7001 adversary proceeding, a § 541 estate-property adjudication, service of process, due process, relief from stay, standing, or adjudication binding Serv Trust, the current Serv Trust trustee, Serv Trust beneficiaries, 6789 Goldsboro LLC, Myers, or other absent nonparties.

Dated: July 13, 2026

Respectfully submitted,

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

21

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of July, 2026, the foregoing MOTION

FOR STAY PENDING APPEAL OF THE EFFECT AND ENFORCEABILITY OF

THE JUNE 3, 2026 MEMORANDUM OPINION AND ORDER, together with the

accompanying PROPOSED ORDER and INDEX OF EXHIBITS / EXHIBITS, was filed

with the Clerk of the United States District Court for the District of Maryland and served

on all registered CM/ECF users in the above-captioned cases.

_____

Gregory B. Myers, pro se