## INDEX OF EXHIBITS TO APPELLANT'S MOTION FOR STAY PENDING APPEAL OF THE EFFECT AND ENFORCEABILITY OF THE JUNE 3, 2026 MEMORANDUM OPINION AND ORDER

**Exhibit 1**

Civil Action No. 26-2175-TDC Second-Appeal Materials

**Includes:**
A. June 1, 2026 Notice of Appeal.
B. June 18, 2026 Order to Show Cause.
C. June 24, 2026 Response to Order to Show Cause.
D. June 24, 2026 Designation and Statement of Issues.
E. July 2, 2026 Order Accepting Designation and Statement.

**Relevant point:**
This Court accepted a live, overlapping appeal concerning later orders entered in the same adversary proceeding, raising Griggs, Rule 8008, Rule 9024 / Rule 60(b)(4), party-status, indispensable-party, settlement-structure, and post-appeal jurisdiction issues.

**Exhibit 2**

Excerpts of January 3, 2023 Montgomery County Circuit Court Trial Transcript

**Relevant excerpts:**
- Judge Lease's statement that no final judgment would be entered "under any circumstance" because all claims and parties were not being adjudicated.
- King counsel / Trustee arguments treating state alter-ego relief as if it supplied a bankruptcy-estate-property predicate.
- Confirmation that the Serv Trust Agreement was not in evidence.
- Judge Lease's question whether Serv Trust was revocable and King counsel's representation that it was.
- Judge Lease's ruling and stay of further proceedings.

**Exhibit 3**

Excerpts of December 16, 2022 Montgomery County Circuit Court Pre-Trial Transcript

**Relevant excerpts:**
- Myers remained a party, but claims against Myers were stayed.
- The upcoming trial was stated not to involve Myers.
- Any ruling against Serv Trust would not impose liability on Myers.
- No res judicata or collateral-estoppel effect against Myers.

- Any later claims against Myers would have to be tried again.

**Exhibit 4**
January 12, 2023 "Order Entering Partial Judgment and Stay"

**Relevant point:**
The order is partial and stayed, not a final all-claims/all-parties judgment.

**Exhibit 5**
Appellate Court of Maryland Filings Concerning the January 12, 2023 "Order Entering Partial Judgment and Stay"

**Includes:**
A. King Parties' opposition / response in the ACM appeal.
B. Goldsboro joinder.
C. Trustee joinder.

**Relevant point:**
Appellees previously represented to the Maryland appellate court that the January 12 order was nonfinal and did not adjudicate or complete adjudication of any claim, which is inconsistent with treating it as a final estate-property predicate in bankruptcy.

**Exhibit 6**
November–December 2019 Removal / Remand Materials

**Includes:**
A. November 13, 2019 Notice of Removal.
B. December 3, 2019 Notice of Voluntary Dismissal.
C. December 5, 2019 Bankruptcy Court Order Remanding Case.

**Relevant point:**
The Bankruptcy Court remanded the removed matter to Montgomery County after dismissal of the § 362 third-party claim and in light of the prior abstention / remand posture.

**Exhibit 7**
December 11, 2023 Settlement Procedures Order and Related Trustee Filing

**Relevant points:**
- Trustee acknowledged that removal of the Montgomery County state-court action was statutorily unavailable under Bankruptcy Rule 9027.

- Bankruptcy Court nevertheless authorized a procedure permitting the King Parties to file a bankruptcy adversary and permitting the Trustee to pursue Rule 9019 approval based on the same state-court controversy.
- Bankruptcy Court acknowledged that dismissal of Count II of the King declaratory-judgment action still had to occur.
- The procedure confirms a serious question whether the King-filed adversary was an improper workaround for statutorily unavailable removal, the prior abstention / remand posture, and the absence of any final all-claims/all-parties state-court judgment.

## Exhibit 8
April 2, 2018 Serv Trust Demand for Jury Trial

### Relevant point:
Serv Trust elected a jury trial "on all claims advanced in the above-captioned action" under Maryland Rule 2-325.

## Exhibit 9
State-Court Counterclaim / Procedural Excerpts

### Includes:
A. December 27, 2018 Order on King Parties' Motion to Dismiss Serv Trust First Amended Counterclaim.
B. Serv Trust Second Amended Counterclaim.
C. King Parties' Motion to Dismiss Second Amended Counterclaim.

### Relevant point:
Serv Trust's legal claims remained unresolved; the King Parties moved to dismiss the operative amended pleading rather than answer it.

## Exhibit 10
King Parties' February 2019 Amended Complaint / Count II Prayer for Relief

### Relevant points:
- King Parties requested a declaration that Serv Trust was Myers's alter ego.
- King Parties requested a declaration that Serv Trust's assets and liabilities were assets and liabilities of Myers's bankruptcy estate administered by the Trustee.
- King Parties requested a declaration that Serv Trust's counterclaim was an asset of Myers's bankruptcy estate.
- King Parties requested a declaration that Serv Trust's liabilities on Goldsboro's promissory-note collection case were liabilities of Myers's bankruptcy estate.

- This confirms Count II sought bankruptcy-estate-property determinations, not merely state-law relief against Serv Trust.

## Exhibit 11

Excerpts of Serv Trust Agreement

### Includes limited excerpts only:

- PDF pages 4–5: Joan Conlen Myers as settlor; Gregory Myers and Daniel Ring as trustees; beneficiaries are Myers's descendants.
- PDF pages 8–9: irrevocability / renunciation of interests / no discharge of obligations.
- PDF pages 14–15: trustee acts in fiduciary capacity / trustee-capacity limits.
- PDF pages 21–22: limitations on trustee powers / not grantor-trust ownership.
- PDF pages 26–27: spendthrift provisions.
- PDF page 33: Maryland governing law and situs.
- PDF pages 34–36: signatures / acknowledgments / Schedule A.

### Relevant point:

Serv Trust was an irrevocable Maryland spendthrift trust created by Joan Conlen Myers, not Myers; Myers was trustee, not settlor or beneficiary.

## Exhibit 12

July 11, 2016 Ellen K. Harrison Letter to Brian King

### Relevant point:

Confirms Serv Trust Agreement was prepared by Ellen K. Harrison on behalf of the settlor, and that Myers and Daniel Ring acted as trustees with trustee-capacity authority.

## Exhibit 13

September 28, 2018 Memorandum Opinion / Order / Judgment in Adversary Proceeding No. 17-00193, United States Trustee v. Myers

### Relevant excerpts:

- Serv Trust was created by Myers's mother for the benefit of Myers's five children.
- Serv Trust was funded with an initial deposit from Myers's mother.
- Myers and Daniel Ring were co-trustees.
- Serv Trust held a 50% interest in 6789 Goldsboro LLC.
- Serv Trust was established to pay educational and other expenses related to Myers's children.

- Myers's guarantee of Serv Trust's obligations to Goldsboro was not an asset of Myers's bankruptcy estate but an unsecured liability.
- Judgment was entered in Myers's favor on Count V.

## Exhibit 14
Florida Chapter 13 Stay-Relief Orders Concerning the King Parties

**Includes:**
A. March 14, 2022 Florida Bankruptcy Court stay-relief order.
B. June 28, 2022 amended Florida stay-relief order.

**Relevant points:**
- Stay relief was granted only in part.
- The automatic stay remained in effect as to claims against Myers individually.
- Any representative-capacity relief could not be used for any purpose imposing individual liability on Myers.

## Exhibit 15
Florida Chapter 13 Rule 59(e) Stay-Relief Materials Concerning the King Parties

**Includes:**
A. Myers's Rule 59(e) motion.
B. King Parties' June 7, 2022 response.
C. June 9, 2022 hearing transcript excerpts.
D. June 28, 2022 amended Florida stay-relief order.

**Relevant points:**
- Myers raised the concern that Maryland law could impose individual consequences on a trustee even where relief was nominally representative-capacity relief.
- King Parties admitted that stay relief was only to pursue claims against Serv Trust.
- King Parties admitted that they could not pursue Myers individually and were not seeking such relief.
- Florida Bankruptcy Court confirmed that any representative-capacity relief could not be used for any purpose imposing individual liability on Myers.

## Exhibit 16
In re Pettengill, 635 B.R. 842 (Bankr. S.D. Fla. 2021)

**Relevant point:**

Bankruptcy Code definitions control the meaning of "lien" and "judicial lien." A "lien" includes a "charge against or interest in property," and a judicial lien may arise from legal or equitable process or proceeding.

**Exhibit 17**
December 30, 2022 Trustee's Opposition to Debtor's Motion to Dismiss

**Relevant points:**
- Trustee stated that if the King Parties prevailed and Serv Trust were determined to be Myers's alter ego, Serv Trust "will become" an asset of Myers's estate.
- Trustee described himself as a nominal defendant, but opposed dismissal, adopted the King Parties' position, asserted estate alignment with the King Parties, and argued he could be realigned as a nominal plaintiff.
- Trustee acknowledged the bankruptcy court abstained from the adversary complaint, causing the alter-ego issue to be litigated in state court.
- Cited to show the Trustee's conditional position, the absence of any existing final § 541 adjudication, and the contradiction between nominal-party status and affirmative estate-property litigation.

**Exhibit 18**
Goldsboro Bankruptcy Claim Materials

**Includes:**
A. Goldsboro Motion for Enlargement of Time to File Proof of Claim, DE 279.
B. Goldsboro Proof of Claim 17-1, pages 1–2.

**Relevant points:**
- Goldsboro alleged loans to Serv Trust and Myers's guaranty.
- Proof of claim identified the basis of the claim as "Guaranty."

**Exhibit 19**
Florida Bankruptcy Stay Opposition and September 23, 2019 Transcript Excerpt

**Relevant points:**
- Myers argued that the King Parties were not creditors, had no monetary claim against Myers, and had no pecuniary interest in Myers's bankruptcy case.
- King counsel stated in the September 23, 2019 Maryland state-court hearing that Myers was joined "solely as a necessary party" and that the King Parties were "not asserting a monetary claim" against Myers.

**Exhibit 20**
Florida Bankruptcy Claim 3 and Order Sustaining Objection

**Includes:**
A. King Claim 3.
B. June 29, 2021 Order Sustaining Debtor's Objection to King Claim 3.

**Relevant points:**
- King Claim 3 asserted only an unsecured $3,885 claim based on a "pending motion for monetary sanctions in state court litigation."
- Florida Bankruptcy Court sustained Myers's objection and disallowed King Claim 3 in its entirety.

## Exhibit 21
Florida Chapter 13 Docket / Dismissal Order

**Relevant points:**
- Myers's Florida Chapter 13 case remained pending on January 12, 2023.
- The case was not dismissed until January 20, 2023.
- No Florida stay-relief order authorized the Montgomery County Circuit Court to adjudicate or affect any alleged property interest of Myers in Serv Trust or Serv Trust's assets on January 12, 2023.

## Exhibit 22
June 3, 2026 Memorandum Opinion, June 3, 2026 Order, and June 29, 2026 Rehearing Order

**Relevant points:**
- The Opinion relies on the January 30, 2019 abstention order.
- The Opinion states that the "exact sequence of events" contemplated by that abstention order occurred.
- The Opinion does not address the December 5, 2019 remand order.
- The Opinion treats the January 12, 2023 order as a valid, final order and as the predicate for concluding Serv Trust assets became property of Myers's bankruptcy estate.

## Exhibit 23
April 15, 2026 Bankruptcy Court Orders, May 26, 2026 Order, and Limited Opposition Excerpts

**Includes:**
A. Adv. Dkt. Nos. 116–121.
B. Adv. Dkt. No. 131.

C. Limited excerpts of the oppositions cited by the April 15 orders, including Adv. Dkt. No. 67 (PDF pages 1–3 and 13–16), Adv. Dkt. No. 68 (PDF pages 1–5), and Adv. Dkt. No. 69 (PDF pages 1–3), only to the extent necessary to show the basis for the April 15 orders and the overlap with Civil Action No. 26-2175-TDC.

**Relevant points:**
- Related orders in the same adversary proceeding remain on appeal in Civil Action No. 26-2175-TDC.
- The limited opposition excerpts show that the April 15 orders concern the same adversary proceeding, settlement structure, party-status issues, intervention issues, indispensable-party issues, and asserted mootness / settlement-finality issues implicated by the June 3 Opinion.

**Exhibit 24**
*Kiviti v. Bhatt*, 80 F.4th 520 (4th Cir. 2023)

**Relevant point:**
Fourth Circuit cautions against fragmented finality analysis in adversary proceedings and held district court lacked jurisdiction over a nonfinal bankruptcy adversary order.