# EXHIBIT 11

## Excerpts of Serv Trust Agreement Dated July 21, 2010

PDF Pages 4-5, 8-9, 14-15, 21-22, 26-27, and 33-36

## TRUST AGREEMENT

THIS TRUST AGREEMENT (this "Agreement") is made this 21st day of July, 2010, by me, JOAN CONLEN MYERS, as the Settlor, and my son, GREGORY BRIAN MYERS, and DANIEL J. RING, as Trustees (hereinafter collectively referred to as "Trustee"), to establish a trust to be known as the "Serv Trust."

I am a resident of the County of Montgomery, State of Maryland.

I hereby transfer to the Trustee and the Trustee hereby acknowledges receipt of the property listed in Schedule A, annexed hereto, and by this reference made a part hereof (all of which, together with any further transfers hereto, and the proceeds and reinvestments thereof, is hereinafter called the "principal"). The Trustee agrees to hold and administer the principal in trust in accordance with the terms and provisions as hereinafter set forth.

**FIRST: DISPOSITIVE PROVISIONS**

**1.1    Provisions Applicable Until the Trust Division Date**

Until the date of the death of the last to die of my son, Gregory Brian Myers, and his wife, Barbara Ann Kelly, (the "Trust Division Date"), the following provisions shall be applicable:

(a)    The Trustee may from time to time make payments from the net income and principal to the descendants of my son, Gregory Brian Myers, in such amounts as such Trustee deems appropriate for the health, education, maintenance and support of such descendants, in such Trustee's discretion.

(b)    An Independent Trustee may also make payments from the net income and principal either outright to or to trusts for the benefit of any one or more of the descendants of my son, Gregory Brian Myers, without limit, including trusts created by other instruments, at such times and in such amounts as the Independent Trustee deems appropriate, in such Trustee's sole discretion. Pursuant to this discretion, an Independent Trustee may distribute a portion or all of the trust principal to one or more separate trusts representing a descendant of my son, Gregory Brian Myers, to be administered and distributed pursuant to the Continuing Trusts Provisions below, and such descendant shall be the Primary Beneficiary of such separate trust.

THE ORIGINAL DOCUMENT WAS PLACED IN THE PILLSBURY LLP VAULT ON ___ JUL 23 2010

(c)    Any undistributed income shall be added to principal.

(d)    No distribution may be made under this Section that would impair the withdrawal right of any individual under the Withdrawal Rights Provisions hereof.

(e)    No Trustee may participate in any decision under this Section concerning distributions to a person such Trustee is legally obligated to support and no Trustee who is not an Independent Trustee shall participate in any decisions under Paragraph (b) of this Section.

(f)    Upon the Trust Division Date, the Trustee shall pay the remaining principal to or to a trust for the benefit of such one or more of the then-living descendants of my son, Gregory Brian Myers, as the last to die of my son, Gregory Brian Myers, and his wife, Barbara Ann Kelly, may appoint by will specifically referring to this limited power of appointment. To the extent not effectually appointed, the remaining principal shall be divided into *per stirpetal* shares representing the then-living descendants of my son, Gregory Brian Myers, and each share representing a then-living descendant of my son, Gregory Brian Myers, shall be held in a separate trust for such beneficiary (who shall be the "Primary Beneficiary" of such trust) pursuant to the Continuing Trusts Provisions hereof.

## 1.2    Continuing Trusts Provisions

Any assets that are directed to be held in trust pursuant to the Continuing Trusts

Provisions shall be held in a separate trust (herein referred to as the "Continuing Trust") and

shall be administered and distributed as follows:

(a)    The Trustee may from time to time make payments from the net income and principal to any one or more of the Primary Beneficiary and his or her descendants, in such amounts as such Trustee deems appropriate for the health, education, maintenance and support of any one or more of the Primary Beneficiary and his or her descendants, in such Trustee's discretion.

(b)    An Independent Trustee may also make payments from the net income and principal either outright to or to trusts for the benefit of any one or more of the Primary Beneficiary and his or her descendants, without limit, including trusts created by other instruments, at such times and in such amounts as the Independent Trustee deems appropriate, in such Trustee's sole discretion. Pursuant to this discretion, an Independent Trustee may distribute a portion or all of the trust principal to one or more separate trusts representing a descendant of the Primary Beneficiary, to be administered and distributed as provided in this Section 1.2, except that such descendant shall be the Primary Beneficiary of such separate trust.

THE ORIGINAL DOCUMENT WAS PLACED IN THE PILLSBURY LLP VAULT ON JUL 23 2010

-2-

402166115v1

not taxable at the person's death.  Such payments shall be made by the Trustee upon receiving from the Primary Beneficiary's personal representative a certification as to the sums needed for such purpose, in which event the Trustee shall be entitled to rely on such certification.

### 1.5    Retention of Property for Beneficiaries Under a Disability

Any property (whether income or principal) distributable outright under this Agreement to a beneficiary who is under a disability (other than property withdrawn pursuant to the Withdrawal Rights Provisions hereof) may be retained by the Trustee in a separate trust and may be invested and applied (together with any income earned by it) from time to time for the beneficiary's benefit in any way that the Trustee may deem appropriate.

Such property shall be distributed to the beneficiary when he or she is free of disability, or, in the case of death during disability, shall be paid to his or her estate.

If the continued retention of property under this Section should be impracticable because of the small size of the fund, the Trustee may distribute the property for the beneficiary's benefit. Any property held for a minor may be deposited in a savings account made payable to the minor at majority at a savings institution selected by the Trustee.

### 1.6    Agreement Irrevocable

I waive all right, power and authority to alter, amend, modify, revoke or terminate this Agreement and the trusts hereunder.

### 1.7    Renunciation of Interest

I renounce all vested and contingent interests (including reversionary interests and possibilities of reverter or appointment) that I might otherwise be held to have in the income or principal of any trust hereunder.

### 1.8    No Discharge of Legal Obligations

Notwithstanding any other provision in this Agreement, no part of the net income or principal hereof shall be paid or applied to discharge any legal obligation of mine or any legal


THE ORIGINAL DOCUMENT WAS PLACED IN THE PILLSBURY LLP VAULT ON JUL 2 9 2010



-5-

obligation of any other person to support a beneficiary. I and every other person who makes a gift to this trust hereby irrevocably waive any claim or defense that such person's legal obligation to support another or such person's income tax obligations could be satisfied by any distribution from the principal.

## SECOND: TRUSTEES

The appointment of Co-Trustees and successor Trustees, provisions governing resignation and compensation of the Trustees, and the general rules governing the relationship of the Trustees as between themselves and as to interested or third parties are as follows:

### 2.1    Appointment and Qualification of Co-Trustees and Successor Trustees

Upon the resignation, disability or death of my son, Gregory Brian Myers, I appoint his wife, Barbara Ann Kelly, to serve as successor Co-Trustee. If both my son, Gregory Brian Myers, and his wife, Barbara Ann Kelly, shall fail or cease to serve as Co-Trustee, the one of them who was last serving as Co-Trustee shall have the right to appoint a person or persons to serve as successor Co-Trustee of any trust hereunder. Upon the resignation, disability or death of Daniel J. Ring, I appoint Timothy J. Ring to serve as successor Co-Trustee. If both Daniel J. Ring and Timothy J. Ring shall fail or cease to serve as Co-Trustee, my son, Gregory Brian Myers, if he is then serving as a Trustee, may appoint a successor or may leave such office vacant. If my son, Gregory Brian Myers, shall not be then serving as Trustee and his wife, Barbara Ann Kelly, shall be then serving as Trustee, then she may appoint a successor or leave such office vacant.

My son, Gregory Brian Myers, while serving as Trustee, shall have the right to remove any Trustee hereunder. If my son, Gregory Brian Myers, shall not be serving as a Trustee, his wife, Barbara Ann Kelly, while serving as Trustee, shall have the right to remove any Trustee hereunder.

THE ORIGINAL DOCUMENT WAS PLACED IN THE PILLSBURY LLP VAULT Ok___JUL 2 3 2010

-6-

402188115v)

of said account (except for any that were fraudulent, dishonest or committed in bad faith) without the necessity of court approval, and such releases shall bind all persons at any time having or claiming any interest hereunder.  No successor Trustee shall be required to inquire into or audit the proceedings of any predecessor Trustee or to make any claim against such predecessor Trustee, and a successor Trustee shall not be accountable or liable to any person for failure to make such inquiry or audit.  Nothing contained in this Section shall be deemed to give any person acting in conjunction with the Trustee any power or right to enlarge or shift beneficial interests of any beneficiary or potential beneficiary of any trust hereunder or to restrict the Trustee from seeking judicial approval of the Trustee's accounts.

## 2.8    Liability

No Trustee shall be liable for any loss, damage or expense arising from the administration of any trust hereunder, except for any occasioned by the Trustee's gross negligence, dishonesty or bad faith.  No Trustee shall be liable for any acts or omissions of any agent properly selected or delegated authority hereunder with reasonable care.  No Trustee shall be liable for any loss, damage or expense caused by any other Trustee, including those caused by the exercise or nonexercise of any powers delegated pursuant to the provisions of this Agreement to another Trustee.

## 2.9    Trustee Acts in Fiduciary Capacity

Every person, firm or corporation contracting or otherwise dealing with the Trustee shall look only to the property of the trusts hereunder for payment of any obligation arising under this Agreement, and no Trustee shall be personally liable therefor even though the Trustee did not exempt such Trustee from personal liability when entering into any transaction.


THE ORIGINAL DOCUMENT WAS PLACED IN THE PILLSBURY LLP VAULT ON JUL 23 2010



-11-

## 2.10    Successor Trustees

Any substituted, successor, additional or remaining Trustee and any corporate successor of a corporate trustee shall be vested with the same rights, duties, powers, obligations and immunities as the Trustee originally named.

## THIRD:  TRUSTEE'S POWERS

## 3.1    Grant of Powers

All of these powers shall be exercisable solely in a fiduciary capacity, in the sole and absolute discretion of the Trustee, without court approval and shall be effective until final distribution of all assets.

(a)    Retention of Property. To hold and retain any property in the form in which it may be at the time of the receipt by the Trustee, including cash, securities or other interests in any corporate Trustee or affiliate thereof, as long as the Trustee shall deem advisable, without responsibility for diversification and without any liability for any loss of principal or income by reason of such retention.

(b)    Investment of Trust. To invest and reinvest in any property of any kind whatsoever and wheresoever situated, including real property, stocks (including stock of any corporate Trustee or an affiliate thereof), limited or general partnership interests, limited liability companies, secured or unsecured bonds or other obligations, shares of investment trusts, common trust or mutual funds (including securities issued or funds managed by any corporate Trustee or an affiliate thereof) and insurance and annuity policies. Unless otherwise specifically stated in this Agreement, the Trustee generally shall have the same powers of investment that an individual would possess with respect to his or her own funds.

(c)    "Prudent Investor" Rule Waived. In addition to the investment powers conferred herein, to acquire and retain investments not regarded as traditional for trusts, including investments that would be forbidden or would be regarded as imprudent, improper or unlawful by the "prudent person" rule, "prudent investor" rule or any other rule or law that restricts a fiduciary's capacity to invest. I waive the application of any such rule because I believe it is in the best interests of the beneficiaries of every trust hereunder to give the Trustee broad discretion in managing the assets of any trust created hereunder. In making investments, the Trustee may disregard any and all of the following factors:





-12-

402188115v1

THIS ... ... DOCUMENT
WAS PLACED IN THE
PILLSBURY LLP VAULT
On ___ JUL 2 3 2010

## 3.2    Limitations on Trustee's Powers

Notwithstanding any other provision herein, no Trustee shall have the right to exercise any powers granted hereunder that would give such Trustee or any person to whom the Trustee's powers may be imputed a general power of appointment described in section 2041 or 2514 of the Code or an incident of ownership described in section 2042 of the Code with respect to any insurance policy held by the Trustee insuring the life of such Trustee or any person to whom the Trustee's powers may be imputed.  Any Trustee who is a beneficiary of a trust hereunder shall make payments from the net income and principal of such trust only as may be appropriate for the health, education, maintenance and support of a beneficiary of such trust in a manner consistent with the ascertainable standard as defined in section 2041 of the Code and applicable regulations, but no Trustee shall participate in a decision to exercise any discretion concerning distributions to any beneficiary which would discharge such Trustee's legal obligation of support.  In each case where a Trustee's exercise of discretion is prohibited as provided above and another Trustee is serving, the determination of the remaining Trustee or Trustees shall be final and binding upon the beneficiaries of such trust.

If any Trustee makes or is treated as making a gratuitous addition to the principal, such Trustee may not exercise any powers that would cause the transfer to be an incomplete gift or would cause the assets of any trust to be included in such Trustee's gross estate for federal estate tax purposes.

## 3.3    Not a Grantor Trust

I intend that I not be taxed as the owner of any portion of this trust for federal income tax purposes and all provisions of this trust shall be construed so as to effectuate this intent.  None of the powers granted the Trustee shall enable anyone to purchase, exchange, or otherwise deal with or dispose of trust principal or income for less than adequate and full consideration in money or money's worth (other than by a distribution to a beneficiary named or identified in this trust

-18-

402188115v1

pursuant to the authorities granted the Trustee under this instrument). None of the powers granted the Trustee shall enable me, the Trustee, or any entity in which I, the trust, or both have a substantial interest, to borrow the principal of the trust, directly or indirectly, without adequate interest or security. None of the powers granted the Trustee shall enable anyone but the Trustee to vote or direct the voting of any corporate shares or other securities of the trust, or control the trust's investments or reinvestments by direction or veto. None of the powers granted the Trustee shall enable anyone to require the Trustee to exchange trust property by substituting other property of equal value. None of the powers granted the Trustee shall enable the Trustee to use trust income or principal to pay premiums on policies of insurance on my life or on the life of my spouse.

## FOURTH: DEFINITIONS AND GENERAL PROVISIONS

The following definitions and general provisions shall apply to this Agreement:

### 4.1    Particular Words

(a)    Annual Exclusion Amount. The Annual Exclusion Amount is the maximum amount excludible from a donor's taxable gifts under section 2503(b) of the Code taking into account any prior gifts made by the same donor in the same calendar year to the same person and section 2513 of the Code for any married donor.

(b)    Code. All references herein to the "Code," unless otherwise indicated, are to the Internal Revenue Code of 1986, as amended. Any reference to a specific section of the Code shall also refer to any successor provision of law.

(c)    Death Taxes. Any reference herein to "Death Taxes" shall be to any estate, inheritance, succession or other death or transfer taxes, other than GST Tax, imposed under the laws of any jurisdiction at or by reason of the death of the person referred to on or with respect to any property, whether or not passing under this Agreement. Interest and penalties on any tax shall be treated as part of the tax.

(d)    Descendants. Any reference herein to a person's descendants shall refer to such person's children and the descendants of such children that shall be living from time to time, including any descendants born or adopted after the date of this Agreement. Any reference herein to descendants of my son, Gregory

THE ORIGINAL DOCUMENT WAS PLACED IN THE PILLSBURY LLP VAULT On_ JUL 2 3 2010

-19-

402188115v1

required to distribute promptly to beneficiaries all amounts withdrawn from such Retirement

Plan, the Trustee shall distribute promptly to the beneficiary or beneficiaries of such trust any

and all amounts withdrawn from such Retirement Plan during the lifetime of the beneficiary

whose life expectancy is used to determine minimum distributions.  Such amounts shall be

distributed to the beneficiaries in such proportions as the Trustee determines, subject to the

limitations in Section 3.2 and taking into consideration my directions regarding discretionary

distributions as provided below.  If the amount withdrawn from a Retirement Plan exceeds the

amount distributable under the limitations of Section 3.2, then my Trustee shall appoint an

Independent Trustee to allocate such excess amount.

### 4.4    Spendthrift Provisions

(a)    Except for the right to disclaim, and except as specifically
provided by powers of appointment, no principal or income distributable from any
trust created hereunder shall be subject to transfer, conveyance, anticipation,
assignment, mortgage, pledge or any other form of alienation in any manner by
any beneficiary, nor shall any such interest in any manner be liable for or subject
to the claims of any creditor or to any legal, equitable or other process, including
bankruptcy, receivership or other proceedings, in satisfaction of any debt or
liability of a beneficiary prior to receipt by the beneficiary, including those claims
of any beneficiary's spouse against such beneficiary.

(b)    If the Trustee is prevented by any transfer, conveyance,
anticipation, assignment, mortgage, pledge or any other form of alienation or any
proceeding brought by any creditor, or by any bankruptcy, receivership or other
proceeding, from distributing property directly to or for the benefit of any
beneficiary, the Trustee shall hold and accumulate the property which would
otherwise have been distributed until the Trustee is able to distribute such
property directly to or for the benefit of such beneficiary, or until the death of
such beneficiary, which ever first occurs; and on the death of such beneficiary any
such property so held and accumulated shall be distributed as otherwise provided
herein.

### 4.5    Confidentiality

Subject to the Withdrawal Rights Provisions hereof, the Trustee is authorized to withhold

information concerning the existence, value or assets of the principal and the terms of this


THE ORIGINAL DOCUMENT
WAS PLACED IN THE
PILLSBURY LLP VAULT
ON    JUL 2 3 2010



-23-

402188115v1

Agreement from any beneficiary if the Trustee determines it to be in the best interests of a beneficiary to do so. I give this authority to the Trustee because I believe there may be circumstances under which a beneficiary's knowledge of and excessive reliance upon the resources of his or her trust could undermine his or her incentive to become productive and self-supporting. I relieve the Trustee of any liability for the exercise of the Trustee's authority under this Section. Upon receipt of a written request of a beneficiary, the Trustee shall render accounts and provide information to a person appointed by the Trustee who has the knowledge and experience to represent the interests of the beneficiaries. The written release of the person appointed by the Trustee to represent the interests of the beneficiaries shall discharge the Trustee with respect to all acts or omissions to the date of said account (except for any that were fraudulent, dishonest or committed in bad faith) without the necessity of court approval, and such release shall bind the beneficiary from whom information was withheld and all persons at any time having or claiming any interest hereunder through such beneficiary. Nothing in this Section shall be construed to relieve the Trustee of the duty to account to any court upon demand of any beneficiary or to prevent the Trustee from seeking judicial approval of the Trustee's accounts.

### 4.6    Powers of Appointment

The holder of a power of appointment hereunder may grant to any permissible object of such power a new general or limited power to appoint the principal of such trust (a "new power of appointment"). The permissible objects of a new power of appointment may include persons who were not objects of the original power of appointment.

Notwithstanding anything in this Agreement to the contrary, no person holding a power of appointment over any trust hereunder may exercise such power (i) in a manner that would forfeit the Subchapter S election of any corporation, the stock of which is held in such trust, (ii) in favor of a person who is not a qualified heir for the purposes of section 2032A of the Code, in

-24-

THE ORIGINAL DOCUMENT WAS PLACED IN THE PILLSBURY LLP VAULT ON JUL 2 3 2010

402188115v1

### 4.16    Governing Law

The validity, construction and effect of the provisions of this Agreement in all respects shall be governed and regulated according to and by the laws of the State of Maryland; provided, however, that an Independent Trustee may declare that this Agreement shall be governed by the laws of any other jurisdiction if such Trustee determines that a change of governing law will not impair the validity and enforceability of this Agreement, and the Independent Trustee may make such consequential amendments as may be necessary to ensure that the provisions of this Agreement shall be as valid and effective as they were under law governing this Agreement at the time the power to change the governing law is exercised.

### 4.17    Situs

The original situs of the trust created hereunder shall be the State of Maryland. The situs of any trust hereunder may be maintained in any jurisdiction (including outside the United States), as the Trustee of such trust, in the exercise of sole and absolute discretion, may determine, and thereafter transferred at any time or times to any jurisdiction selected by the Trustee. Upon such transfer of situs, the principal of such trust may thereafter, at the election of the Independent Trustee of such trust, be administered exclusively under the laws of (and subject, as required, to the exclusive supervision of the courts of) the jurisdiction to which it has been transferred. Accordingly, if the Trustee hereunder elects to change the situs of any such trust, the Trustee of said trust is hereby relieved of any requirement of having to qualify in any other jurisdiction and of any requirement of having to account in any court of such other jurisdiction.

*[Balance of page intentionally left blank.]*

THE ORIGINAL DOCUMENT WAS PLACED IN THE PILLSBURY LLP VAULT ON    JUL 2 3 2010

-30-



IN WITNESS WHEREOF, we, JOAN CONLEN MYERS, as Settlor, and GREGORY

BRIAN MYERS and DANIEL J. RING, as Trustees, have as of the date noted set our hands and

seals to this Agreement.

WITNESS:

_____
Signature of Witness
Print Name: Karen Olsen

_____ (SEAL)
JOAN CONLEN MYERS, Settlor

_____
Signature of Witness
Print Name: Karen Olsen

_____ (SEAL)
GREGORY BRIAN MYERS, Trustee

_____
Signature of Witness
Print Name: Sandra Capone

_____ (SEAL)
DANIEL J. RING, Trustee

THIS DOCUMENT
WAS PLACED IN THE
PILLSBURY LLP VAULT
ON ___ JUL 2 3 2010

-31-

402188115v1

## SERV TRUST

## SCHEDULE A

Received from JOAN CONLEN MYERS, the following assets for deposit to the above-captioned trust:

Charles Schwab Check No. 5737257, in the amount of One Thousand Dollars ($1,000), payable to Daniel J. Ring and Gregory Brian Myers, Trustees of Serv Trust.



THE ORIGINAL DOCUMENT WAS PLACED IN THE PILLSBURY LLP VAULT ON JUL 23 2010



-32-

402188115v1

## ACKNOWLEDGMENTS

| City of Washington | ) |
|---|---|
| District of Columbia | ) ss: |

On this 21ˢᵗ day of July, 2010, before me personally appeared JOAN CONLEN MYERS, known to me (or satisfactorily proven) to be the individual described in and who executed the foregoing and annexed Trust as Settlor, who acknowledged the execution of the same to be her free act and deed.

_Catherine M. Foley_ (SEAL)
Notary Public
My Commission Expires: _9/14/14_

CATHERINE M. FOLEY
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires September 14, 2014

| City of Washington | ) |
|---|---|
| District of Columbia | ) ss: |

On this 21ˢᵗ day of July, 2010, before me personally appeared GREGORY BRIAN MYERS, known to me (or satisfactorily proven) to be the individual described in and who executed the foregoing and annexed Trust as Trustee, who acknowledged the execution of the same to be his free act and deed.

_Catherine M. Foley_ (SEAL)
Notary Public
My Commission Expires: _9/14/14_

CATHERINE M. FOLEY
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires September 14, 2014

| STATE OF MARYLAND | ) |
|---|---|
| COUNTY OF QUEEN ANNES | ) ss: |

On this 21ˢᵗ day of July, 2010, before me personally appeared DANIEL J. RING, known to me (or satisfactorily proven) to be the individual described in and who executed the foregoing and annexed Trust as Trustee, who acknowledged the execution of the same to be his free act and deed.

_Donna H. Eadie_ (SEAL)
Notary Public
My Commission Expires: _11-26-11_

DONNA W. EADIE
NOTARY PUBLIC
QUEEN ANNE'S COUNTY, MD

THE ORIGINAL DOCUMENT
WAS PLACED IN THE
PILLSBURY LLP VAULT
ON __JUL 23 2010__

-33-

402188115v1