# EXHIBIT 14A

**March 14, 2022 Florida Bankruptcy Court Stay-Relief Order**

ORDERED.

**Dated: March 11, 2022**

Caryl E. Delano
Chief United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

In re:

Case No. 21-00123-FMD

GREGORY BRIAN MYERS,

Chapter 13

Debtor.

_____/

**ORDER GRANTING BRIAN KING, CRISTINA KING
AND THE CRISTINA AND BRIAN KING CHILDREN'S TRUST'S
AMENDED MOTION FOR RELIEF FROM THE AUTOMATIC STAY [DOC.145]**

THIS CAUSE came before the Court for hearing on February 10, 2022 at 2:15 p.m. on

the "*Brian King, Cristina King, and the Cristina and Brian King Children's Trust's Amended*

*Motion for Relief from the Automatic Stay*" (the "Motion" and ECF 145). The Court having

reviewed the Motion, having heard the presentation of counsel, and having considered the record

in the case, finds cause to grant the following relief. Accordingly, it is

ORDERED:

1.     The Motion is granted in part and denied in part.

1

2.      The automatic stay is modified to allow the lawsuit filed in Montgomery County Circuit Court captioned, *King et al. v. Serv Trust, et al.*, Case No. 436977-V, to proceed subject to the terms of this Order.

3.      The automatic stay is lifted as to all non-debtor parties including Gregory Brian Myers in his representative capacity as Trustee of the Serv Trust.  The automatic stay shall remain in effect and is not lifted as to any claims against Gregory Brian Myers (the "Debtor"), individually.

4.      All other relief requested in the Motion is denied.

# # #

Respectfully submitted by:

Ross R. Hartog
Markowitz Ringel Trusty & Hartog, P.A.
101 NE Third Avenue, Suite 1210
Fort Lauderdale, FL 33301

Attorney Hartog shall serve copies of this order on all interested parties.

2

# EXHIBIT 14B

**June 28, 2022 Amended Florida Bankruptcy Court Stay-Relief Order**

ORDERED.

**Dated:  June 27, 2022**

_Caryl E. Delano_

Caryl E. Delano
Chief United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

In re:

GREGORY BRIAN MYERS,

Debtor.

_____/

Case No. 2:21-bk-00123-FMD

Chapter 13

**ORDER (1) GRANTING IN PART DEBTOR'S RULE 59(e) MOTION TO
RECONSIDER, ALTER OR AMEND ORDER GRANTING BRIAN KING, CRISTINA
KING AND THE CRISTINA AND BRIAN KING CHILDREN'S TRUST'S AMENDED
MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND (2) AMENDING
ORDER GRANTING BRIAN KING, CRISTINA KING AND THE CRISTINA AND
BRIAN KING CHILDREN'S TRUST'S AMENDED MOTION FOR
RELIEF FROM THE AUTOMATIC STAY [DOC. 177]**

THIS CAUSE came before the Court for hearing on June 9, 2022, at 3:00 p.m. upon

_Debtor's Rule 59(e) Motion to Reconsider, Alter or Amend Order Granting Brian King, Cristina_

_King, and the Cristina and Brian King Children's Trust's Amended Motion for Relief from the_

_Automatic Stay [Doc.145]_ (the "Motion") [Doc. 177]. The Motion sought to reconsider, alter, or

amend this Court's _Order Granting Brian King, Cristina King, and the Cristina and Brian King_

1

*Children's Trust's Amended Motion for Relief from the Automatic Stay [Doc.145]* (the "Order Granting Stay Relief") [Doc. 168]. The Court having reviewed the Motion, having heard the presentation of counsel, and having considered the record in the case, finds cause to grant the following relief. Accordingly, it is

ORDERED:

1.      The Motion is **GRANTED IN PART**.

2.      The Order Granting Stay Relief [Doc. 168] is amended as stated below.

3.      The automatic stay is modified to allow the lawsuit filed in Montgomery County Circuit Court captioned, *King et al. v. Serv Trust, et al.,* Case No. 436977-V, to proceed subject to the terms of this Order.

4.      The automatic stay is lifted as to all non-debtor parties to that litigation identified in paragraph 3, above. The automatic stay shall remain in effect and is not lifted as to any claims against Gregory Brian Myers (the "Debtor") individually. The Debtor has executed a "Resignation of Gregory B. Myers as Trustee" (the "Resignation") of Serv Trust, however if the Debtor becomes Trustee of Serv Trust in the future or if the Resignation is invalid or ineffective and the Debtor remains Trustee of Serv Trust, the stay is and would be lifted as to him in his representative capacity as Trustee of Serv Trust, but not for any purposes which could impose individual liability upon the Debtor.

5.      All other relief requested in the Motion is denied.

# # #

Respectfully submitted by:

Ross R. Hartog
Markowitz Ringel Trusty & Hartog, P.A.
101 NE Third Avenue, Suite 1210
Fort Lauderdale, FL 33301

Attorney Hartog is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within three days of entry of this order.

# EXHIBIT 14C

## Resignation of Gregory B. Myers as Co-Trustee of Serv Trust

Signed May 1, 2022; Effective May 31, 2022

## SERV TRUST DATED JULY 21, 2010

## <u>RESIGNATION OF GREGORY B. MYERS AS TRUSTEE</u>

I, GREGORY BRIAN MYERS, Trustee of the Serv Trust Dated July 21, 2010 (the "Trust"), pursuant to Section 2.3 of the Trust, hereby resign as Trustee of said Trust effective as of May 31, 2022.

Signed this 1st day of May, 2022.

_____, TRUSTEE
GREGORY BRIAN MYERS, Trustee