# EXHIBIT 16

**December 30, 2022 Trustee's Opposition to Debtor's Motion to Dismiss**

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| BRIAN KING, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 436977-V |
| ) | (Lead Case) |
| SERV TRUST, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |
| ) | |
| 6789 GOLDSBORO, LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 451611-V |
| ) | (Consolidated) |
| SERV TRUST, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## TRUSTEE'S OPPOSITION TO DEBTOR'S MOTION TO DISMISS

Roger Schlossberg, Chapter 7 Trustee of the Bankruptcy Estate of Gregory B. Myers (the "Trustee") and nominal defendant herein, by his undersigned counsel, hereby opposes the *Motion to Dismiss* ("the *Motion*") filed by Defendant Gregory B. Myers ("Myers" or "the Debtor")[1] and states:

1.　In the *Motion*, Myers posits that the *First Amended Complaint for Declaratory Judgment* ("the *Declaratory Judgment Complaint*") filed by Plaintiffs Brian King, Cristina King, and Brian King, Trustee of the Cristina and Brian King Children's Trust (collectively "the King Parties"), which seeks a declaration that Defendant Serv Trust is the alter ego of Myers, must be

---

[1] The certificate of service appended to the *Motion* recites that the Debtor mailed a copy of the *Motion* to undersigned counsel. To date, however, undersigned has not received a copy of the *Motion* through the U.S. Mail. Undersigned counsel learned of the *Motion* only by happenstance through conversation with other counsel in this case.

dismissed for lack of subject matter jurisdiction because the King Parties allegedly did not comply with the *Barton* doctrine. The *Motion* is wholly without merit for a multitude of reasons, as explained below.

2.      First, Myers lacks standing to seek dismissal of the *Declaratory Judgment Complaint* for the reasons set forth in the *Motion to Hold Debtor's Pending Motions in Abeyance Pending Termination of Automatic Stay* filed by Plaintiff 6789 Goldsboro LLC ("Goldsboro") and in the *Joinder in Motion of 6789 Goldsboro LLC to Hold Debtor's Pending Motions in Abeyance Pending Termination of Automatic Stay* filed by the King Parties, which filings are adopted and incorporated herein by reference.

3.      Second, the *Barton* doctrine, which prohibits suits against bankruptcy trustees arising out of the performance of their official duties unless leave is first obtained from the bankruptcy court,[2] is not applicable to the litigation of the *Declaratory Judgment Complaint*. Further, even if the *Barton* doctrine can be construed to apply in this case, the King Parties clearly have satisfied its requirements.

4.      As applied to bankruptcy trustees,[3] the *Barton* doctrine rests on

> the principle that a bankruptcy trustee is an officer of the court that appoints him, and therefore that court has a strong interest in protecting him from unjustified personal liability for acts taken within the scope of his official duties. Without the requirement of obtaining leave, trusteeship would become a more irksome duty, and

---

[2] *Barton v. Barbour*, 104 U.S. 126, 127 (1881); *see also Muratore v. Darr*, 375 F.3d 140, 143 (1st Cir. 2004).

[3] Although the *Barton* case itself involved a receiver in state court, the doctrine long has been extended to lawsuits against a bankruptcy trustee and the trustee's attorneys and professionals. *See, e.g., McDaniel v. Blust*, 668 F.3d 153, 156-157 (4th Cir. 2012); *In re VistaCare Group, LLC*, 678 F.3d 218, 224 (3d Cir. 2012); *Satterfield v. Malloy*, 700 F.3d 1231, 1234-35 (10th Cir. 2012); *Lowenbraun v. Canary (In re Lowenbraun)*, 453 F.3d 314, 321 (6th Cir. 2006); *Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 971 (9th Cir. 2005); *Muratore v. Darr*, 375 F.3d 140, 143 (1st Cir. 2004); *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000); *In re Linton*, 136 F.3d 544, 545 (7th Cir. 1998); *Lebovits v. Scheffel (In re Lehal Realty Assocs.)*, 101 F.3d 272 (2d Cir. 1996).

2

> so it would be harder for courts to find competent people to appoint as trustees. Trustees would have to pay higher malpractice premiums, and this would make the administration of the bankruptcy law more expensive. The doctrine also enables bankruptcy courts to monitor the work of the trustees they have appointed so that the courts may be fully informed when they make future appointments.

*McDaniel v. Blust*, 668 F.3d 153, 157 (4th Cir. 2012) (citations, alterations, and internal quotations omitted). As a result, leave of the bankruptcy court must be obtained when a third party wishes to sue a bankruptcy trustee arising out of acts performed by the trustee within the context of recovering assets for the bankruptcy estate. *McDaniel*, 668 F.3d at 157.

5.     Here, the claim asserted by the King Parties in the *Declaratory Judgment Complaint* has nothing whatsoever to do with the Trustee's performance of his duties in Myers' Maryland bankruptcy case and does not seek to impose any liability upon the Trustee. Rather, the Trustee has been joined as a nominal party to this litigation because, if the King Parties prevail on their *Declaratory Judgment Complaint* and Serv Trust is determined to be the alter ego of Myers, Serv Trust will become an asset of Myers' bankruptcy estate and will be subject to administration by the Trustee. *See* King Parties' *Bench Memorandum on Alter Ego*, which is adopted and incorporated herein by reference.

6.     Further, although the Trustee has been joined herein as a nominal "defendant," the bankruptcy estate's interest in this litigation is more properly aligned with the King Parties than it is with Myers or Serv Trust. The Court, therefore, may properly reclassify and realign the Trustee as a nominal "plaintiff" in this matter. *See* Md. Rule 2-213; *Kennedy v. Lasting Paints, Inc.*, 404 Md. 427, 447 n.15, 947 A.2d 503, 515 n.15 (2008) (noting that trial court *sun sponte* may realign parties under Rule 2-213). In circumstances where the bankruptcy trustee is the plaintiff, the *Barton* doctrine plainly has no application.

3

7.     Finally, even if the *Barton* doctrine can be construed to apply to this litigation, its requirements clearly have been satisfied. The issue of whether Serv Trust is the alter ego of Myers initially was presented to the Maryland bankruptcy court in an adversary complaint in which the Trustee was joined as a nominal defendant. *See 6789 Goldsboro LLC v. Gregory B. Myers, et al.*, Adv. No. 18-00407 (Bankr. D. Md. 2018). Ultimately, however, the bankruptcy court elected to abstain from exercising jurisdiction over the adversary complaint, *see Order of Abstention*, Adv. No. 18-00407 at Dkt. #28,  which ruling caused the alter ego issue to be litigated in this Court.

WHEREFORE, for all the foregoing reasons, the Trustee respectfully requests that the Debtor's *Motion to Dismiss* be DENIED.

Respectfully submitted,

SCHLOSSBERG | MASTRO

By:___*/s/ Frank J. Mastro*_____
Frank J. Mastro #9612180213
P.O. Box 2067
Hagerstown, Maryland 21742-2067
(301) 739-8610
(301) 791-6302 fax
*Attorneys for Roger Schlossberg,*
*Chapter 7 Trustee of the Bankruptcy*
*Estate of Gregory B. Myers*

4

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this *30th* day of *December 2022*, I served a copy of the

*Trustee's Opposition to Debtor's Motion to Dismiss* via MDEC upon:

Maurice B. Verstandig, Esq.
The Verstandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, MD 20854
mac@mvbesq.com
*Attorneys for Brian King, Cristina King,
and Brian King, Trustee of the Cristina and
Brian King Children's Trust*

Eric Pelletier, Esq.
Frances Wilburn, Esq.
Offit Kurman, P.A.
4800 Montgomery Lane, Suite 900
Bethesda, MD 20814
epelletier@offitkurman.com
fwilburn@offitkurman.com
*Attorneys for 6789 Goldsboro LLC*

and via first-class, postage prepaid mail upon:

Gregory B. Myers
700 Gulf Shore Blvd. North
Naples, FL 34102
*Defendant*

Serv Trust
c/o Daniel Ring, Trustee
3518 Braverton St., #206
Edgewater, MD 21037
*Defendant*

_____*/s/ Frank J. Mastro*_____
Frank J. Mastro

5