IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| GREGORY B. MYERS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No.: 25-2042-TDC |
| | ) | |
| ROGER SCHLOSSBERG, TRUSTEE, | ) | |
| *et al.*, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

**OPPOSITION TO APPELLANT'S AMENDED
MOTION FOR STAY PENDING APPEAL**

Appellee, Roger Schlossberg, Chapter 7 Trustee of the Bankruptcy Estate of Gregory B. Myers (the "Trustee"), by his undersigned counsel, hereby opposes *Appellant Gregory B. Myers' Amended Motion for Stay Pending Appeal of the Effect and Enforceability of the June 3, 2026 Memorandum Opinion and Order* (the "*Motion*"), [Dkt. #30], and respectfully states as follows:

1. Appellant, Gregory B. Myers ("Myers"), the debtor below, fails to carry his burden of satisfying each of the elements necessary to support a stay pending appeal, which involves consideration of the same factors a party must prove in order to obtain a preliminary injunction. *See, e.g., Campbell v. Garrett*, 2026 WL 1092006, *2 (W.D. Va. Apr. 22, 2026); *In re Kaiser Gypsum Co.*, 2021 WL 3476138, *1 (W.D.N.C. Aug. 6, 2021); *BDC Capital v. Thoburn Ltd. P'ship*, 508

B.R. 633, 636 (E.D. Va. 2014) (observing that "[a] preliminary injunction is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.") (citations omitted). Here, Myers cannot satisfy any factor.

2.      First, Myers does not show any likelihood of success on further appeal. This appeal concerns Myers' *second attempt* to appeal two orders issued by the bankruptcy court on December 11, 2023.[1] Myers voluntarily dismissed his prior appeal of these orders on October 30, 2024. *See Gregory B. Myers v. Brian King, et al.*, Appeal No. 23-CV-03511-DLB (D. Md.) at Dkt. #7 therein. Further, Myers noticed the instant appeal 562 days after the entry of the subject orders on December 11, 2023 – or roughly a year and half too late. *See* Fed. R. Bankr. P. 8002(a)(1) (establishing 14-day period within which to notice appeal from entry of bankruptcy court judgment, order, or decree).

3.      As a result, this Court dismissed the instant appeal for lack of jurisdiction. *See Memorandum Opinion*, [Dkt. #23], at 9-10; *see also Schuler v.*

---

[1] The orders at issue in this appeal are: (i) *Order Denying Debtor's Motion to Strike Trustee's Motion for Approval of Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust*, [Dkt. #1028 in Case No. 15-26033 below]; and (ii) *Order Granting Trustee's Motion for Approval of Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust*, [Dkt. #1029 in Case No. 15-26033 below]. *Compare Notice of Appeal*, [Dkt. #1063 in Case No. 15-26033], filed on June 25, 2025 *with Notice of Appeal*, [Dkt. #1033 in Case No. 15-26033], filed on December 27, 2023.

*Clarke,* 796 F. App'x 184, 185 n. 2 (4th Cir. 2020) (appellant not entitled to second appeal from same order); *In re Caterbone*, 640 F.3d 108 (3d Cir. 2011) (district court lacked subject matter jurisdiction to consider bankruptcy appeal where debtor filed notice of appeal beyond time period for filing such notice).

4.      In his *Motion*, Myers does not even address whether he has any likelihood of success in the Fourth Circuit with respect to the subject matter of this appeal. Thus, the *Motion* may be denied on this basis alone. *See, e.g.*, *Campbell, supra*, 2026 WL 1092006 at *2; *BDC Capital, supra*, 508 B.R. at 637.

5.      Myers also makes no effort to show irreparable harm. Indeed, the *Motion* does not articulate how Myers has been harmed, if at all, by this Court's dismissal of the instant appeal, let alone explain how any supposed harm will be irreparable.

6.      Further, Appellees already have consummated the settlement approved by the bankruptcy court. The Trustee clearly would be prejudiced if a stay is now entered, especially considering that: (a) Myers' prior appeal of these same bankruptcy court orders was dismissed nearly two years ago and (b) his current appeal likewise has been dismissed.

7.      Finally, Myers has not articulated any conceivable public interest that would be furthered by the imposition of a stay in this case. Rather, the public interest would be served by denying a stay. The instant *Motion* is yet another attempt by

3

Myers – who has a well-documented history of litigation abuse[2] – "to gum up the judicial process and ignore valid court orders as he sees fit," as this Court has observed in Myers' prior appeals. *See, e.g., Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, 2020 WL 758154, *4 (D. Md. Feb. 13, 2020) (Xinis, J.).

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the *Motion* be DENIED.

Respectfully submitted,

SCHLOSSBERG | MASTRO

_____/s/ Frank J. Mastro_____
Frank J. Mastro #24679
P.O. Box 2067
Hagerstown, MD 21742
(301) 739-8610
fmastro@schlosslaw.com
*Attorneys for Appellee,*
*Roger Schlossberg, Trustee*

---

[2] "Since 2015, hundreds of pages of opinions from more than a dozen different courts (both federal and state) have been written regarding the legal machinations, 'sprawling tapestry of bad faith abuse of the bankruptcy process,' and 'dilatory and abusive litigation tactics' by the Debtor [Mr. Myers], his spouse, Barbara Ann Kelly ('Ms. Kelly'), and the entities they own." *In re Myers*, 2025 WL 1662344, *2 (Bankr. D.D.C. June 11, 2023) (further observing that "[t]he Debtor and Ms. Kelly are not 'honest but unfortunate debtors,' but instead seek only to utilize the bankruptcy system as a sword to delay unfavorable litigation results and frustrate their creditors").

CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. Bankr. P. 8015(h), I hereby certify that the foregoing Opposition complies with the type-volume limitations of Fed. R. Bankr. P. 8013(f)(3) because this document contains 839 words as measured by Microsoft Word. I further certify that this motion complies with the typeface and type style requirements of Fed. R. Bankr. P. 8013(f)(2) because this document has been prepared in Microsoft Word using a proportionally spaced typeface (14-point Times New Roman font).

*/s/ Frank J. Mastro*
Frank J. Mastro

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the **23rd** day of **July 2026**, I served a copy of the foregoing *Opposition to Appellant's Amended Motion for Stay Pending Appeal* upon all parties as follows: (a) electronically via ECF to:

Maurice B. VerStandig, Esq.
9812 Falls Road, #114-160
Potomac, MD 20854
mac@mvbesq.com
*Attorney for Appellees,*
*Brian King, Cristina King and the*
*Cristina and Brian King Children's Trust*

and (b) via first-class mail, postage prepaid, to:

Gregory B. Myers
700 Gulf Shore Blvd. North
Naples, FL 34102
*Appellant / Debtor*

*/s/ Frank J. Mastro*
Frank J. Mastro